IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Blanca Roldan,** ) | |
| **Plaintiff,** ) | |
| ) | No. 20 C 305 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Coca Cola Refreshments, USA, Ltd.,** ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss [40] is denied. Plaintiff's motion for leave to file a second amended complaint [45] is granted. Defendant's motion to stay discovery [52] is denied. The Court designates docket entries 48 (Plaintiff's factual allegations) and 49 (form employment discrimination complaint) as the second amended complaint. No more amendments will be permitted. The Court directs the parties to turn their focus to completing fact discovery, which has a cutoff date of November 30, 2020.

## STATEMENT

**Facts**

On January 15, 2020, Plaintiff filed her initial complaint, alleging discrimination and harassment based on her age under the Illinois Human Rights Act ("IHRA") and the Age Discrimination in Employment Act of 1967 ("ADEA"). On March 16, 2020, Coca Cola Refreshments, USA, Ltd. ("CCR") filed a partial motion to dismiss, requesting that Plaintiff's harassment claim and IHRA claims be dismissed because Plaintiff failed to exhaust her administrative remedies with respect to her harassment claim and her IHRA claims were barred by res judicata. In lieu of responding to the motion to dismiss, Plaintiff sought and was granted leave to file an amended complaint. On July 23, 2020, Plaintiff filed an amended complaint, which largely duplicated her initial complaint and repeated her claim that CCR violated the ADEA by terminating her employment and failing to stop harassment based on age. Plaintiff, however, dropped her claims under the IHRA. On August 7, 2020, CCR filed another partial motion to dismiss the amended complaint.

On September 9, 2020, Plaintiff filed a response in opposition to the motion to dismiss as well as a motion seeking leave to file a second amended complaint, adding allegations in support of her claim of age discrimination and that her suspension and discharge stemmed from daily ongoing harassment, such that the alleged harassment was a continuing violation of the ADEA.

**Analysis**

       CCR moves to dismiss on the ground that Plaintiff's claims are barred by res judicata, also known as claim preclusion. In analyzing this issue, the Court looks to "Illinois preclusion law because 'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'" *Hayes v. City of Chi.*, 670 F.3d 810, 813 (7th Cir. 2012). "In Illinois, claim preclusion requires: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies." *Id.* (citation and internal quotation marks omitted). "[W]hen a defendant raises *res judicata* as a defense and it is clear from the complaint's face, and matters of which the district court may take judicial notice, that the plaintiff's claims are barred as a matter of law, dismissal under Rule 12(b)(6) is proper." *Phillips v. Baxter*, No. 16 C 8233, 2020 WL 2197842, at *4 (N.D. Ill. May 6, 2020) (citations and internal quotation marks omitted).

       On February 22, 2012, Plaintiff filed her charge with the IDHR, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). (Def.'s Mem Supp. Mot. Dismiss, Dkt. # 41-1, Ex. A.) The charge alleged that CCR unlawfully suspended then terminated her based on her age, pending an investigation that Plaintiff had verbally assaulted a coworker. (*Id.*) Plaintiff attests that when she filed the charge with the IDHR, she informed the investigator of "the facts of the harassment [she] suffered at [CCR] and her suspension and discharge." (Roldan Decl., Dkt. # 47, ¶ 3). Plaintiff further states that her "harassment at Coca Cola as well as [her] suspension and discharge developed and arose during the IDHR investigation." (*Id.*, ¶ 4.) In her amended complaint before this Court, Roldan alleges that she "disclosed during the investigation the . . . facts of harassment, suspension, and discharge," and that "Coca Cola received notice of and was informed of the facts of harassment, suspension, and discharge." (Dkt. # 37, ¶ 21.)[1] CCR contends that these statements and allegations demonstrate that Plaintiff's current claims of age discrimination and harassment were included in and addressed in her IDHR charge, so there is both an identity of the parties and an identity of the cause of action for purposes of res judicata.[2]

---

[1] The factual allegations in Plaintiff's amended complaint are, in fact, attached to Plaintiff's motion for leave to file an amended complaint, and begin with the heading "Paragraph 13 (continued)." (Pl.'s Mot. Leave File Am. Compl., Dkt. # 37, at 3.) The form amended complaint is filed separately at docket number 39, and under question number 13, which directs Plaintiff to provide the factual allegations underlying her claim, Plaintiff writes, "Please see attached sheets." (Am. Compl., Dkt. # 39, at 5.) Because it appears that Plaintiff simply filed the factual allegations with the motion for leave to file an amended complaint, rather than attaching them to the amended complaint, the Court construes the factual allegations to be part of the amended complaint.

[2] As noted by another court in this district:

> Illinois uses a transactional test to decide what counts as the same cause of action. According to that test, separate claims will be considered the same cause of action for purposes of res judicata if they arise from a single group of operative facts,

The Court need not resolve whether there is an identity of the parties and the causes of action because Defendant has not demonstrated that there was a final order on the merits by a court of competent jurisdiction. The IDHR dismissed Plaintiff's charge for lack of substantial evidence on August 8, 2013. (Dkt. # 11, Ex. B, IDHR Not. Dismissal.) Plaintiff filed a request for review of the IDHR's dismissal with the Illinois Human Rights Commission ("IHRC"). On December 12, 2018, the IHRC upheld the IDHR's dismissal. (*Id.*, Ex. C, IHRC Order.) On January 27, 2019, Plaintiff filed a petition for review of the IHRC's order with the Illinois Appellate Court. (*Id.*, Ex. D, Pet. Review, *Roldan v. Coca Cola Refreshments, USA, Inc.*, No. 19-0149 (Ill. App. Ct.).) The Illinois Appellate Court dismissed Plaintiff's petition for want of prosecution and Plaintiff did not petition for rehearing. Following Supreme Court precedent, the Seventh Circuit has "held that an *unreviewed* decision by the [IHRC] is not entitled to preclusive effect in federal courts." *Czarniecki v. City of Chi.*, 633 F.3d 545, 551 (7th Cir. 2011) (emphasis added). CCR does not address the effect of the Illinois Appellate Court's dismissal for want of prosecution on the claim-preclusion analysis, and the Court will not make CCR's argument for it.

Based on the current record, the Court has no basis on which to conclude that Plaintiff's IDHR complaint and subsequent proceedings preclude her claims here.[3] Accordingly, this ground for dismissal is denied.

---

> regardless of whether they assert different theories of relief . . . . [T]he transactional test permits claims to be considered part of the same cause of action even if there is not a substantial overlap of evidence, so long as they arise from the same transaction.

*Platinum Supplemental Ins., Inc. v. Guarantee Tr. Life Ins. Co.*, No. 17 C 8872, 2019 WL 6210940, at *8 (N.D. Ill. Nov. 21, 2019) (citations and internal quotation marks omitted). "Thus, *res judicata* 'extends not only to what was actually decided in the original action, but also to matters which could have been decided in that suit.'" *Id*. (citation and internal quotation marks omitted).

[3] CCR also mistakenly relies on federal claim-preclusion law in arguing that a dismissal for want of prosecution constitutes a final merits decision. "[I]t is clear that a dismissal for want of prosecution in Illinois is considered not to be an adjudication on the merits, not to prejudice the case of the party against whom it is entered, and not to act as a bar to a subsequent suit on the same issues." *Nehan v. Local Union No. 1-Bakery*, No. 12 C 05274, 2014 WL 2766774, at *2 (N.D. Ill. June 18, 2014). "In this respect, Illinois state law differs from federal law as reflected in Rule 41(b) of the Federal Rules of Civil Procedure, which expressly provides that a dismissal for failure to prosecute is presumed to operate as an adjudication on the merits." *Id*. (citing *Martin–Trigona v. Gouletas,* 105 Ill. App.3d 28, 30-31 (Ill. App. Ct. 1982). Moreover, in this case, the dismissal for want of prosecution did not occur at the trial-court level, but on appeal, which, as already noted, was not addressed by CCR.

In addition to moving to dismiss based on res judicata, CCR also seeks to dismiss the harassment claim on the ground that Plaintiff failed to exhaust her administrative remedies with respect to that claim. "[A] plaintiff may only bring claims that are originally included in the EEOC charge or are 'reasonably related to the allegations of the EEOC charge and growing out of such allegations.'" *Lymon v. UAW Local Union 2209,* No. 12 C 00169, 2020 WL 5750874, at *6 (N.D. Ind. Sept. 24, 2020) (citation omitted). The relevant inquiry is "what EEOC investigation could reasonably be expected to grow from the original complaint." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (internal citation and quotation marks omitted).

Plaintiff seeks leave to file a second amended complaint. Plaintiff first asserts that she needs to file a second amended complaint because she is proceeding pro se, speaks little English, and failed to submit any attached pages to her form amended complaint. But, as stated in footnote number 1, Plaintiff's explanatory allegations from her first amended complaint are merely docketed with the incorrect document; they are part of the record, so a second amended complaint is unnecessary to cure that purported defect.

Plaintiff also seeks leave to file the second amended complaint to address the merits of CCR's argument that Plaintiff failed to exhaust her age-harassment claim. The charge sets forth the two purported acts of age discrimination resulting in suspension and termination; the charge contains no mention of harassment. Notably, the order from the IHRC, to which Plaintiff appealed after the IDHR dismissed her charge, makes no mention of harassment and discusses only the suspension and termination. As discussed above, however, Plaintiff submits an affidavit in response to CCR's motion to dismiss, stating that she attended a factfinding conference in the IDHR office in August 2012, at which the alleged harassment was discussed. (Roldan Decl., Dkt. # 47, ¶¶ 4-5.)[4] Plaintiff also avers in her declaration that Matt Herman, her supervisor, who suspended and terminated her and participated in the harassment, was discussed at the factfinding conference. Matt Herman was named in the IDHR charge. "The Seventh Circuit has repeatedly affirmed that when construing an EEOC charge for purposes of exhaustion, '[a]llegations outside the body of the charge may be considered when it is clear that the charging party intended the agency to investigate the allegations.'" *Bartels v. Jewel Food Stores, Inc.*, No. 18 C 4464, 2020 WL 902834, at *4 (N.D. Ill. Feb. 25, 2020) (citation omitted). Because questions of fact exist as to whether the age-harassment claim is properly considered part of the IDHR charge, and Plaintiff's proposed second amended complaint includes allegations relevant to the scope-of-the-charge inquiry, Plaintiff's motion for leave to file the proposed second amended complaint to allege facts associated with the scope of the charge is granted, and the motion to dismiss based on a failure to exhaust is denied.

Plaintiff also seeks to amend her complaint to supplement her allegations of age-related harassment. These allegations are already in the first amended complaint, as filed at docket numbers 37 and 39. Nevertheless, to ensure clarity and consolidate all of Plaintiff's allegations in one place, the Court grants leave for Plaintiff to file the proposed second amended complaint

---

[4] Plaintiff's declaration is not considered at the motion-to-dismiss stage. Nevertheless, because the statements in her declaration are also generally echoed in her proposed second amended complaint and go to the issue of the scope of the charge, the Court refers to it for this purpose.

in full. The Court designates docket entries 48 (Plaintiff's factual allegations) and 49 (form employment discrimination complaint) as the second amended complaint. No more amendments will be permitted.

Finally, to the extent CCR opposes Plaintiff's second amended complaint because it does not properly allege a continuing violation, the Court denies CCR's motion at this stage of the litigation. "[H]ostile work environment claims involve the accumulation of repeated conduct over time, and thus [i]n order for [a] charge [alleging hostile work environment] to be timely, the employee need only file [it] within . . . 300 days of any act that is part of the hostile work environment." *Saud v. DePaul Univ.*, No. 19 C 3945, 2020 WL 5702165, at *6 (N.D. Ill. Sept. 24, 2020) (internal citation and quotation marks omitted). CCR's argument with respect to the applicability of the continuing violation doctrine to Plaintiff's complaint is not clear. The timeliness of Plaintiff's purported harassment claim does not appear to be the issue at this juncture; instead, as discussed above, whether the alleged harassment based on Plaintiff's age is properly within the scope of the original IDHR charge is the relevant inquiry. CCR may raise arguments with respect to the continuing violation doctrine, if necessary, at the dispositive-motion stage.

**Conclusion**

For the reasons stated above, CCR's motion to dismiss is denied. Plaintiff's motion for leave to file a second amended complaint is granted. The Court designates docket entries 48 (Plaintiff's factual allegations) and 49 (form employment-discrimination complaint) as the second amended complaint. No more amendments will be permitted. The Court directs the parties to turn their focus to completing discovery, which has a cutoff date of November 30, 2020.

**Date:** October 13, 2020

**Ronald A. Guzmàn**
**United States District Judge**