IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BLANCA E. ROLDAN,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**COCA-COLA REFRESHMENTS USA, INC.,**<br><br>    **Defendant.** | **Case No. 1:20-cv-00305**<br><br>Hon. Judge Ronald A. Guzman<br><br>Magistrate Judge Jeffrey Cole |

## **MOTION FOR EXTENSION OF TIME TO COMPLETE FACT DISCOVERY**

Defendant Coca Cola Refreshments USA, Inc. (hereinafter "CCR"), by and through its undersigned counsel, Littler Mendelson, P.C., and pursuant to Local Rule 37.2 and Fed. R. Civ. P. 37, hereby moves this Court for an extension of time to complete fact discovery up to and including January 15, 2021. In support thereof, CCR states as follows:

1. On June 2, 2020, the Court set November 30, 2020 as the fact discovery deadline. (Dkt. No. 26.)

2. Subsequently, Plaintiff filed an Amended Complaint, and a Second Amended Complaint. In response, CCR filed a Motion to Dismiss, which the parties then briefed.

3. On October 13, 2020, after denying CCR's Motion to Dismiss, the Court reaffirmed that November 30, 2020 remained the close of discovery date. (Dkt. No. 53.)

4. As a result, CCR diligently pursued discovery in this matter in an effort to meet the November 30 discovery deadline. For example, CCR timely served its disclosures, written discovery requests, and document production before deposing Plaintiff on November 24, 2020.

5. As set forth, however, in CCR's First Motion to Compel Discovery and Memorandum in Support (Dkt. Nos. 55-6), Plaintiff has not been diligent in responding to CCR's discovery requests.

6. In particular, Plaintiff has refused to sign and return record releases that would permit CCR to subpoena Plaintiff's medical records, tax records, and social security disability records. (*See* CCR's Second Motion to Compel Discovery and Memorandum in Support, Dkt. No. 60-61.)

7. These records contain information that is critical to CCR's defense. (*See Id.*) For example, Plaintiff testified in her deposition that she is seeking damages for alleged medical and emotional injuries that she claims were caused by CCR, and that as a result, she applied for and is collecting social security disability benefits. Plaintiff also testified that she does not have copies of her tax returns for the years 2012, 2013, 2014, 2016, 2017, 2018 or 2019. Therefore, undue prejudice would result if CCR is denied the opportunity to subpoena Plaintiff's medical records, tax records, and social security disability records.

8. CCR's Second Motion to Compel is currently pending before Magistrate Judge Cole. In fact, today, Magistrate Judge Cole entered an Order giving Plaintiff until December 7, 2020 to either comply with CCR's discovery requests, or to file a Response to the Motion to Compel. (Dkt. No. 62.) The Order also sets a deadline of December 10, 2020 for CCR to file a Reply. (*See Id.*)

9. As set forth in CCR's Second Motion to Compel, CCR has already attempted to meet and confer with Plaintiff to obtain the requested releases prior to the close of discovery, to no avail. (*See Id.*)

10. Even if Plaintiff complies with Magistrate Judge Cole's Order, , it will take at least a few weeks for CCR to subpoena and receive Plaintiff's medical records, tax records, and social security discovery records. Then, CCR will need to determine whether any information contained in the

records necessitates the re-opening of Plaintiff's deposition, since CCR was deprived of the opportunity to question Plaintiff on these records at her deposition on November 24, and before the close of discovery.

11. Accordingly, CCR seeks an extension of time to complete fact discovery up to and including January 15, 2021 for the sole purpose of subpoenaing Plaintiff's medical, tax, and social security disability records, reviewing the records, and, if necessary, reopening Plaintiff's deposition for limited questioning regarding these records.

12. Furthermore, no expert discovery deadline has been set in this matter. Depending on the information contained in Plaintiff's medical records, CCR may find it necessary to depose her physicians.

13. In particular, CCR believes that Plaintiff may have sought medical opinions attributing her mental health conditions of schizophrenia, major depressive disorder, and more, to her employment with CCR. If such is the case, CCR anticipates needing to depose Plaintiff's physicians, and possibly, to retain an expert physician of its own.

14. Therefore, in addition to an extension to January 15, 2021 to complete fact discovery, CCR seeks permission to take leave of court to request an expert discovery deadline, in the event that expert discovery shall be necessary to CCR's defense in this case.

15. This request is not intended for purposes of delay.

WHEREFORE, the Parties respectfully request that the Court extend the deadline to complete fact discovery up to and including January 15, 2021, and at that time, and only if necessary, to permit CCR leave of Court to request an expert discovery deadline.

                                                Respectfully Submitted,

Dated: November 30, 2020                        **COCA-COLA REFRESHMENTS, USA INC.**

                                                By: */s/Jennifer L. Jones*
                                                One of Its Attorneys

Jody A. Boquist
*jboquist@littler.com*
Jennifer L. Jones
*jeljones@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
312.372.5520

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on November 30, 2020, she caused a copy of the foregoing to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF system, and served the following non-ECF party via email:

Blanca E. Roldan
c/o
Monica Hernandez
*monica818.mh@gmail.com*

*/s/ Jennifer L. Jones*
Jennifer L. Jones

