IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLANCA E. ROLDAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 305 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| COCA COLA REFRESHMENTS USA, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant has filed a petition for an award $1020.00 incurred in filing a second motion to compel in order to secure plaintiff's compliance – tardily and grudgingly – with her discovery obligations under the Federal Rules of Civil Procedure. For the following reasons and because I find the amount – a little more than 3 hours at a little over $300 per hour – reasonable, the petition [Dkt. #67] is granted and plaintiff is ordered to pay that amount to defendant.

This dispute goes back a couple of months. Plaintiff failed to respond to defendant's written discovery requests by the deadline of November 13, 2020. [Dkt. No. 56]. Defendant filed a motion to compel. I denied that motion. The Order specifically gave plaintiff a last chance to make good on her promise to comply by Friday, November 20, 2020. [Dkt. #59]. But plaintiff failed to make good on her promise or comply fully with that Order. She produced three or four pages of medical records that indicated that she suffers from what appear to be pre-existing psychiatric conditions, such as schizophrenia and depression. In addition, in an email dated November 20, 2020, plaintiff's daughter indicated that they refused to sign any release for medical documents; they would "fax in" the relevant records. That faxed response, from November 21, 2020, was woefully incomplete,

missing several years of tax records and including no medical records. And on November 24th, plaintiff indicated at her deposition that she refused to produce any Social Security release. [Dkt. #61-1, at Page 123-135/140].

Plaintiff's recalcitrance forced the defendant to go through the expense of filing another motion to compel. And that – not non-compliance with the court's subsequent order or orders – is what triggers fee-shifting in this case. As provided for in Rule 37(a)(5)(a), Federal Rules of Civil Procedure:

> If the motion is granted – *or if the disclosure or requested discovery is provided after the motion was filed* – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The idea underlying the Rule is that a party should not be put to the expense of filing motions to obtain the discovery to which it is otherwise entitled. As plaintiff has been reminded more than once, she has discovery obligations as a litigant. Failure to comply with appropriate discovery requests can, in certain cases, obligate the recalcitrant party to reimburse the other side for the cost of bringing or opposing a motion to compel. *See* Rule 37(a)(5); *Cage v. Harper*, 2020 WL 1248685, at *14 (N.D. Ill. 2020); *Hangzhou Aoshuang E-Commerce Co. v. 008Fashion*, 336 F.R.D. 154, 155 (N.D. Ill. 2020). Fee shifting in discovery disputes "encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). *See also Hangzhou Aoshuang E-Commerce Co.*, *supra.* Plaintiff failed to provide the discovery at tissue in a timely manner, occasioning the filing of two motions and the issuing of three court orders. The plaintiff, as already indicated, was given leeway as a *pro se* litigant, but the expense of this most recent motion should not be borne by the defendant. After all, *pro se* litigants

are not exempt from the rules which govern all other litigants. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Jenkins v. Miles*, 553 Fed.Appx. 638, 640-41 (7th Cir. 2014)*; Raven v. Madison Area Technical College*, 443 Fed.Appx. 210-212 (7th Cir. 2011). Even *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines. *Brownlow v. Van Natta*, 2 Fed.Appx. 516, 519 (7th Cir. 2001).

As plaintiff acknowledges, the only way to avoid a fee award under these circumstances is to demonstrate that:

> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Plaintiff chose option three, submitting that:

> On December 4, 2020 Plaintiff paid FedEx to deliver documents to [defendant] the next day. Earlier, on December 1, 2020 Plaintiff informed [defendant] that she would sign and deliver the documents. Defendant admits that Plaintiff complied with the Court's order. Defendant correctly states that Plaintiff did not file any response but a response was an unnecessary document. How did the plaintiff cause the defendant to incur attorney fees by not filing a waysfull [sic] response?

[Dkt. #70, at Page 3-5]. Again, the fact remains that, by the time plaintiff finally complied with the defendant's routine discovery requests, the defendant had been forced to file *two* motions to compel. The accompanying expenses entailed in securing that which the defendant was entitled to was unnecessarily caused by the plaintiff not having fulfilled the discovery obligations of every litigant, *pro se* or not. Litigation is difficult and discovery, though tedious and time-consuming, is inherent in that process. Plaintiff chose this course and must assume the burdens that come with it.[1]

---

[1] Plaintiff has stated in her motion for recruitment of counsel that she has not made any attempt to obtain counsel. [Dkt. #16].

Finally, I note that plaintiff does not argue that she is unable to pay the modest fee award involved here. Early on in this case, Judge Guzman determined that plaintiff was not indigent, with an annual pension income of about $40,000 for her and her husband. [Dkt. #16]. That does not mean, of course, that payment of the award will be easy. But, plaintiff has been warned before that failure to follow through with discovery obligations could result in sanctions as severe as the dismissal of her case. [Dkt. ##62, 65]. While not a "sanction," *see Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013); *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 455 (7th Cir. 2005); *Hangzhou Aoshuang E-Commerce Co., supra,* the fee-shifting that occurs under Rule 37 is one of those "lesser" arrows in a court's quiver that the Seventh Circuit advises courts to consider. *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017)("...while district judges should weigh lesser sanctions before dismissing a case, they are not required to.").

Accordingly, because plaintiff has not shown anything that makes the shifting of those fees to her unjust or unauthorized, the defendant's petition is granted. The defendant's counsel, however, is asked to meet and confer telephonically with the plaintiff and her daughter, along the lines of Local Rule 54.3, to determine if something can be worked out regarding payment and amount and report back to the court within 14 days.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/5/21

Parties may serve and file specific objections to this order within 14 days after being served with a copy. Failure to raise objections in this manner waives the right to appeal. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); *Davis v. Kayira*, 938 F.3d 910, 917 (7th Cir. 2019).